IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MAY 1996 SESSION

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO.  03C01-9502-CR-00052 |
| | ) | & NO. 03C01-9502-CR-00053 |
| Appellee | ) | |
| | ) | BRADLEY COUNTY |
| v. | ) | |
| | ) | HON. MAYO L. MASHBURN, |
| DAVEY JOE VINEYARD, | ) | JUDGE |
| | ) | |
| Appellant | ) | Possession of marijuana for resale |
| | ) | in an amount over ten pounds and |
| and | ) | less than 70 pounds |
| | ) | |
| JIMMY LEE COCKBURN, | ) | Possession of marijuana for resale |
| | ) | in an amount over ten pounds and |
| Appellant | ) | less than 70 pounds; possession of |
| | ) | drug paraphernalia |

FOR THE APPELLANTS

Kenneth L. Miller
Logan, Thompson, Miller, Bilbo,
        Thompson & Fisher, P.C.
P.O. Box 191
Cleveland, TN  37364-0191

FOR THE APPELLEE

Charles W. Burson
Attorney General & Reporter

Hunt S. Brown
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243-0493

Jerry N. Estes
District Attorney General

Joseph A. Rehyansky
Assistant District Attorney General
93 Ocoee St. N., Ste. 200
P.O. Box 1351
Cleveland, TN  37364

OPINION FILED _____

AFFIRMED

JOHN K. BYERS
SENIOR JUDGE

**O P I N I O N**

The Defendants entered pleas of guilty and reserved the right to appeal the following issue only:

DID THE TRIAL COURT ERR IN DENYING DEFENDANT'S MOTION TO SUPPRESS BECAUSE THE STOP OF DEFENDANT'S VEHICLE WAS MADE WITHOUT PROBABLE CAUSE AND WAS A PRETEXTUAL STOP MADE FOR ILLEGAL REASONS?

The trial judge found the stop to be lawful.

The judgment of the trial court is affirmed.

The state's evidence in this case came from Detective Gates, a narcotics officer with the city of Cleveland.

Detective Gates had received an anonymous tip that the Defendants would be traveling north on I-75, would pass through Bradley County, would go to an undisclosed location, obtain marijuana and return through Bradley County en route to Georgia.

At approximately 7:00 a.m. on June 6, 1994, Detective Gates and Detective Queen set up surveillance on I-75. They saw the vehicle in which the Defendants were traveling go north on I-75 at approximately 8:00 a.m. The detectives continued the surveillance and saw the vehicle returning at 9:30 a.m. The Defendants were traveling in the left lane of the highway which, according to Gates, led him to believe the vehicle was speeding. Gates and Queen, each driving police vehicles, pulled out onto the highway and commenced to follow the Defendants. Gates testified the vehicle was traveling at 75 m.p.h. at the time he got behind it. Further, he testified the vehicle pulled into the right lane without giving a signal.

The detectives did not stop the vehicle at this time. Rather, they continued to follow the Defendants for another six to eight miles, where they were stopped by another police vehicle.

Detective Gates testified that he pursued the Defendants' vehicle "with the expectation and hope that there would be a traffic violation to give . . . a reason to pull the vehicle over." Further, Gates testified the vehicle was pulled over for speeding and illegal lane change, ". . . plus the information we had received, . . . ." Gates testified that it was customary for narcotics officers to do highway interdiction, which consists of surveillance of the highway and the stop of certain vehicles in the hope of obtaining a consent to search the vehicles which are stopped. He further testified the majority of traffic control officers do not attempt to obtain consent to search when they make stops for traffic violations.

The Defendants' briefs rely on *State of Tennessee v. Sidney Williams, Ivory D. Jones and Roy Kittles,* C.C.A. No. 173 (Tenn. Crim. App. at Knoxville, April 30, 1991) for the argument that in Tennessee, as stated in *Williams,*

> "We conclude that in determining whether an investigative stop is invalid as pretextual, the proper inquiry is whether a reasonable officer would have made the seizure in the absence of illegitimate motivation."

However, the parties have submitted supplemental authority in the case pursuant to T.R.A.P. 27(d), as a result of a U. S. Supreme Court opinion recently released, *United States v. Whren,* 16 S.Ct. 1769 (1996) filed June 10, 1996.

In *Whren,* plainclothes vice-squad officers of the District of Columbia Metropolitan Police Department were patrolling a "high drug area" of the city in an unmarked car. Their suspicions were aroused when they passed a truck with temporary license plates and youthful occupants waiting at a stop sign, the driver looking down into the lap of the passenger at his right. The truck remained stopped at the intersection for what seemed an unusually long time - - more than twenty seconds. When the police car executed a U-turn in order to head back toward the truck, it turned suddenly to its right, without signalling, and sped off at an "unreasonable" speed. The policemen followed, and in a short while overtook the truck when it stopped behind other traffic at a red light. They pulled up alongside and an officer stepped out and approached the driver's door, identifying himself as a police officer and directing the driver to put the vehicle in park. When the officer drew up to the driver's window, he immediately observed two large plastic bags of

what appeared to be crack cocaine in the passenger's hands. Driver and passenger were arrested, and quantities of several types of illegal drugs were retrieved from the vehicle.

Defendants argued that the stop had not been justified by probable cause to believe, or even reasonable suspicion, that they were engaged in illegal drug-dealing activity; and that the police officers' asserted ground for approaching the vehicle - - to give the driver a warning concerning traffic violations - - was pretextual. The District Court denied the suppression motion, concluding that "the facts of the stop were not controverted, and "[t]here was nothing to really demonstrate that the actions of the officers were contrary to a normal traffic stop." The Defendants were convicted of four counts of violation of various federal drug laws. The Court of Appeals affirmed, holding with respect to the suppression issue that, "regardless of whether a police officer subjectively believes that the occupants of an automobile may be engaging in some other illegal behavior, a traffic stop is permissible as long as a reasonable officer in the same circumstances could have stopped the car for the suspected traffic violation."

The U. S. Supreme Court affirmed, holding that a traffic stop is reasonable where police have probable cause to believe that a traffic violation has occured, regardless of the actual motivations of the individual officers involved, unless the stop is shown to be constitutionally impermissible selective enforcement of the law based on considerations such as race. *Whren, supra*.

Defendants contend that the State of Tennessee has authority to protect the privacy of its citizens more stringently than does the U. S. Constitution. We agree. However, we note that all case law on the issue of suppression of evidence because of a selective stop cited in the *Smith* opinion, upon which Defendants rely, is federal case law, indicating that Tennessee has chosen to base its level of protection upon the rights afforded all citizens under the U. S. Constitution. Therefore, we find the *Whren* decision should be followed in this case.

*Whren* holds that inquiry into the motivations of the police is not constitutionally mandated unless the stop is alleged to have been motivated by

racial or other constitutionally impermissible selectivity. There is no such allegation of racial or other impermissible selectivity in this case, therefore, the stop was proper.

Since the traffic stop in question was lawful based upon probable cause to believe that a traffic violation had occurred, we find that the sole issue the Defendants have reserved for our consideration is without merit.

We affirm the judgment of the trial court.

_____
John K. Byers, Senior Judge

CONCUR:


_____
John H. Peay, Judge



_____
Jerry L. Smith, Judge

**IN THE SUPREME COURT OF TENNESSEE**

**AT KNOXVILLE**

FILED

**February 17, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

STATE OF TENNESSEE,        (
                           (
    Plaintiff-Appellee,    (        Filed: February 17, 1998
                           (
                           (
v.                         (
                           (        S. Ct. No.
                           (        03S01-9612-CR-00120
DAVEY JOE VINEYARD AND      (
JIMMY LEE COCKBURN,         (
                           (
    Defendants-Appellants.  (


### Order on Petition To Rehear

Upon consideration of the petition to rehear filed by the appellants Davey Joe Vineyard and Jimmy Lee Cockburn, this Court is of the opinion that the petition should be and the same is hereby denied.


PER CURIAM